# Louisville & N. R. R. Co. *v.* Dobson.

*Action for Injury to Employé.*

(Decided Feb. 14th, 1907. 43 So. Rep. 138.)

1. *Appeal; Bill of Exceptions; Time of Signing; Record.*—The court adjourned May 24th, and an order granting sixty days from that date for signing bill of exceptions was entered. A further order, undated, extended the time thirty days from July 22nd, was entered. The bill of exceptions was signed after the expiration of the time originally fixed. Held, that the record did not show that the time was extended before the expiration of the time first granted, and the bill of exceptions could not be considered.

2. *Master and Servant; Injury to Servant; Complaint; Sufficiency.*—A complaint, one count of which alleged that while in the employment of the defendant, and in the active discharge of his duties, plaintiff was injured (setting out his injuries), that they were caused proximately by the negligence of a certain flagman in defendant's service, who had charge of the signal for notifying those in charge of trains following defendant's train, and its presence on its main line, and that such flagman negligently failed to set out such signal, etc.; and another count averring said injuries to have been proximately caused by the negligence of a certain person in defendant's employ in failing to have signals placed in the rear of said first mentioned train when the same was stationary, and when another train was approaching such stationary train, or station where said train was, is not demurrable for a failure to show any causal connection between the injuries and the negligence complained of.

APPEAL from Chilton Circuit Court.

Heard before Hon. S. L. BREWER.

Action by George A. Dodson against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint in this cause, as originally filed, contained eight counts; but on the trial the minute entry recites the plaintiff amended the complaint by striking out all of the counts, except the first and third counts thereof, and these counts are as follows: "Plaintiff claims of the defendant, a body corporate doing business in Chilton county, Alabama, $30,000.00 damages, for that on, to-wit, February 6, 1904, plaintiff while in the employment of the defendant, and while in the active performance of the duties of said employment, was injured in Chilton county, Alabama, as follows: Plaintiff's left foot, left leg, left thigh, left side of body, and right side of head were severely and painfully lacerated and bruised, and plaintiff's spine was seriously wrenched, thereby causing plaintiff to endure very great physical and mental pain and suffering, and permanently rendering plaintiff unable to earn a livelihood. Plaintiff avers said injuries to have been proximately caused by reason of the negligence of Charles Northington, a flagman in the service of defendant, who had charge of notifying trains following defendant's train No. 21 of the stationary presence of train No. 21 upon the main line of defendant, which negligence consisted in this: Said flagman negligently failed to set out said signal at a time when defendant's train No. 21 was stationary on defendant's main line at Verbena, in Chilton county, Alabama, and at a time when defendant's train No. second 13 was approaching said station from the rear of said train No. 21." Count 3: Same as count 1 down to and including the clause "to earn a livelihood," and continuing: "Plaintiff avers said injuries to have been proximately caused by reason of the negligence of Dick Jones, a person in the service or employment of the defendant, who had the charge or control of train No. 21 upon the track of defendant's railway, which negligence consisted in this: Said Jones negligently failed to have signals placed in the rear of train No. 21 at a time when said train was stationary upon the defend-

[Louisville & N. R. R. Co. v. Dobson.]

ant's main line at Verbena, Chilton county, Alabama, and at a time when defendant's train No. second 13 was approaching said station from the rear of train No. 21 and on the same track with it."

The demurrers to the counts were as follows: "(1) Said complaint and each count thereof fails to show any causual connection between the negligence alleged and the injury complained of. (2) Said complaint and each count thereof fails to show any liability on the part of defendant for the injuries alleged to have been suffered by the plaintiff."

The minute entry recites 60 days were allowed from the day of the adjournment of the court within which to have bill of exceptions signed. There appears another order, as follows: "In the above-styled cause, tried at spring term, 1906, Chilton county circuit court, it is ordered that the time heretofore granted for defendant to present and have signed bill of exceptions in said cause is hereby extended for thirty days from the 22d day of July, 1906." This order is not dated.

There was judgment for plaintiff for $5,000.

WILLIAM A. COLLIER, and GEORGE W. JONES, for appellant.—It appears without conflict that defendant was guilty of simple negligence as charged in the 1st and 3rd counts and that plaintiff was guilty of contributory negligence. The doctrine of comparative negligence does not exist in this state.—*Bir. Ry. L. & P. Co. v. Bynum,* 139 Ala. 390; *Southern Ry. Co. v. Arnold,* 114 Ala. 183; *Holland v. T. C. I. & R. R. Co.,* 91 Ala. 444. The other points discussed in brief arise out of assignments of error shown by the bill of exceptions, which was not considered by the court for reasons therein stated.

DENSON & DENSON, for appellee.—The court properly overruled the demurrers to the complaint.—*A. G. S. Ry. Co. v. Davis,* 119 Ala. 575; *M. J. & K. C. R. R. Co. v. Bromberg,* 141 Ala. 280; *L. & N. R. R. Co. v. Marbury Lbr. Co.,* 125 Ala. 237. The bill of exceptions cannot be considered for any purpose.—*Burns v. Gibbs,* 41

South. 303; *Weems v. Weems,* 69 Ala. 105; *Southern Express Co. v. Black,* 54 Ala. 117.

SIMPSON, J.—This was an action for damages for personal injuries. The defendant was allowed 60 days from adjournment of court for having the bill of exceptions signed. The court adjourned May 24, 1906. The next order states that the time is "extended for thirty days from the 22d day of July, 1906," but the order is not dated, and there is nothing on the record to show when it was signed. Consequently we cannot say that the record affirmatively shows that the time was extended before the expiration of the time first granted. Consequently the bill of exceptions cannot be considered.

The demurrer to the first and third counts states that they show no "causual" connection between the negligence alleged and the injury, while the brief of counsel insists that said demurrer should have been sustained because the counts fails to show any "causual" connection. Taking it for granted that these are both misprints, and that the word intended was "causal," the court holds that, under the rules heretofore laid down by this court, said counts were not subject to said demurrer.—*A. G. S. R. R. Co. v. Davis,* 119 Ala. 572, 582, 24 South. 862; *Mobile, J. & K. C. R. R. Co. v. Bromberg,* 141 Ala. 280, 37 South. 396, 400.

There being no error, the judgment of the court is affirmed.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.